## THE STATE OF IOWA *v.* CHURCH.

Section eleven of article one of the constitution of 1857, did not deprive the district court of jurisdiction of offenses indictable under section 2612 of the Code, committed prior to the taking effect of the act entitled "An act qualifying the criminal jurisdiction of justices of the peace," approved March 12, 1858.

The act entitled "An act qualifying the criminal jurisdiction of justices of the peace," approved March 12, 1858, did not take away the jurisdiction of the district court, already attached, nor affect any proceeding already commenced in such court, under section 2612 of the Code.

The State of Iowa v. Church.

In larceny, the jurisdiction of the district court, as well as that of justices of the peace, is to be determined by the value of the property alleged in the indictment or information, and not by the value ascertained by the verdict of a jury.

The statute of 1858, qualifying the criminal jurisdiction of justices of the peace, as well as the constitution, had in view the alleged, and not the ascertained, value of the property stolen, as conferring jurisdiction.

Where the jurisdiction of the district court has once attached, it cannot be taken away by the finding of a jury, that the value of the property stolen, did not exceed twenty dollars.

While the statute of 1858, qualifying the criminal jurisdiction of justices of the peace, makes the offense of larceny, where the value of the property stolen does not exceed twenty dollars, cognizable before justices of the peace, it does not take from the district court, its power to punish in cases of conviction before it, where the value of the property stolen, is ascertained by the jury not to exceed that sum.

Where an indictment for larceny, found at the November term, 1857, of the district court, and tried at the October term, 1858, charged the larceny of a heifer, of the value of twenty-five dollars, on the 14th day of October, 1857; and where the jury found the defendant guilty, and that the value of the property was fifteen dollars; *Held*, That the district court had jurisdiction of the offense.

### Appeal from the Jasper District Court.

### MONDAY, APRIL 11.

THE indictment in this case charges that "the defendant, on the 14th day of October, 1857, one brown heifer, of the value of twenty-five dollars, of the property of W. King, did steal, take and carry away." The indictment was found at the November term of the district court, 1857, and was tried at the October term, 1858. The jury found the defendant guilty, and that the value of the property stolen was fifteen dollars. The defendant moved the court to arrest the judgment, for the reasons:

1. That the court has no power to render judgment.

2. The court has no jurisdiction over the offense, of which the defendant has been found guilty.

The court overruled the motion, and adjudged that the defendant be imprisoned in the county jail for thirty days, and pay the costs of the prosecution.

*W. H. & J. A. Seevers*, for the appellant.

The constitution provides that offenses of a certain grade, shall be tried originally before justices of the peace, and that the latter have exclusive original jurisdiction in such cases. Constitution, Article 1, section 11. The Constitution requires the legislature to pass all laws necessary to carry the same into effect. Cons., Article 12, section 1. For the purpose of carrying out this requirement of the constitution, the legislature, at its last session, passed an act reducing the punishment in cases of persons convicted of petit larceny, so as to bring it within the constitutional requirement, that such class of offenses be prosecuted originally before justices of the peace. By the combined force of the constitution, and the laws of the last session, the district court was ousted of jurisdiction in such cases. Session Laws of 1858, 55.

The law of the last session was in force at the time the verdict was rendered, and contains no saving clause, exempting offenses committed previous to the taking effect thereof from the operation of the statute. By this statute, the punishment clause of section 2612 of the Code, prescribing the punishment in cases of petit larceny, is changed, altered, and repealed. The statute is in force; the crime exists; the Code defines it, but, in fact, prescribes no punishment — that is provided for by the law of last session. The law of the last session creates no crime, but merely provides a punishment for an offense previously created.

No judgment can be pronounced under a statute that contains no punishment clause, or where the same has been altered and changed, or under a repealed statute. But the statute must be in force, in all its parts, at the time judgment is pronounced. See *Jones* v. *The State*, 1 Iowa, 397; *Yeaton* v. *United States*, 5 Cranch., 281; *The Irresistible*, 7 Wheaton, 551; *United States* v. *Preston*, 3 Peters, 57; *Commonwealth* v. *Marshall*, 11 Pick., 350; *Same* v. *Kimball*, 21 Ib., 371; *Butler* v. *Palmer*, 1 Hill, 324; *Fenelon's*

*Petition,* 7 Barr., 173 ; *Regina* v. *Fenton,* 14 English L. &
E., 124.  If these authorities are law, then no judgment
could be rendered in this case, under the punishment clause
in section 2612 of the Code.   That section defined and cre-
ated the crime, but the punishment could only be ascertained
by the laws of 1858.

But it is claimed by the state, that clause 1, section 26, of
the Code, saves to the district court jurisdiction and power
to pronounce judgment in this case.   We do not so under-
stand it.   When it is once determined that the defendant, if
punished at all, must be punished under the statute of 1858,
the argument fails, for it proves too much.   If section 26 of
the Code has any effect at all, it is to inflict punishment un-
der section 2612 of the Code, which, we think, cannot for a
moment be entertained, and which, as we understand the
attorney general, is conceded.   We claim that section 26 of
the Code itself provides that the rules for the construction
of statutes therein laid down, shall not prevail where the
same would be " inconsistent with the manifest intent of the
legislatuie."   We claim that the legislature, having passed
the law of 1858, with no saving clause, the manifest intent
must be that they did not intend to exempt offenses previ-
ously committed from the operation of the statute.   For the
purpose of carrying out the requirements of the constitu-
tion, the legislature passed the act of 1858.   It is, then, a
remedial criminal statute, and should have a liberal con-
struction, and all cases and offenses fairly within the scope
of the statute, should be judged by its provisions.   The le-
gislature of the state, in their wisdom, have determined that
all persons convicted of the crime of petit larceny, should
be punished, &c.   They have made no distinction between
past and future offenses.   Will, or can, this court do so ?
Why is not the defendant entitled to the lenity extended to
such class of offenders, as well as those who are "going" to
offend.   That he is, is the only equitable rule and construc-
tion.

We do not regard it as clear, that section 26 of the Code

has any reference to criminal proceedings. We maintain the contrary. If it is not clear, the defendant is entitled to the doubt. It is useless to attempt to elaborate this idea; it must be determined by a simple examination of the statute. We also suggest that section 2612 has not been repealed by the law of 1858, in such a manner, and to the extent necessary for the construction of statutes to prevail, laid down in section 26 of the Code.

*S. A. Rice*, (Att'y General), for the State.

1. Justices of the peace have exclusive original jurisdiction, in all criminal cases, where the punishment does not exceed one hundred dollars fine, or thirty days' imprisonment. Cons., Art. 1, sec. 11; *State* v. *Kœhler*, 6 Iowa, 398; *State* v. *Rollet*, 5 Ib., 535.

2. When this case was tried by the district court, by virtue of sec. 2, chap. 50 of the acts of 1858, the offense of petit larceny, of which defendant was found guilty, was cognizable before a justice of the peace.

3. At the time the indictment was found, the district court had jurisdiction of both grand and petit larceny, and, consequently, jurisdiction of this case. Code, secs. 2612, 2897.

4. Then the question is presented, whether the district court lost its jurisdiction in this case, owing to the passage of the act of 1858, chap. 50, sec. 2, there being no saving clause in the said act, of existing prosecutions. The principle is well settled by the following cases, that the repeal of a criminal statute, without a saving clause, bars not only future prosecutions, but also existing ones, and the court could not thereafter even render judgment on prosecutions commenced before such repeal: *Com.* v. *Kimball*, 21 Pick., 371; *Com.* v. *Marshall*, 11 Ib., 350; *Butler* v. *Palmer*, 1 Hill, 324; *Jones* v. *State*, 1 Iowa, 397; *U. S.* v. *Preston*, 3 Peters, 57.

5. This general principle of the law, it is claimed by the state, is not in force in this state, since the adoption of the Code; but, on the contrary, "any proceeding commenced under or by virtue of the statute repealed," is not affected by such repeal. Code, sec. 26, part 1.

6. The statute of 1858, sec. 2, chap. 50, entirely changes the penalty of petit larceny, therefore the provisions of 2612 of the Code, by which the penalty was fixed for this offense, being inconsistent with the subsequent law, is, by the terms of the latter law, repealed. Though called an amendment, it is a repeal, in fact. See *Com.* v. *Kimball*, 21 Pick., 376.

7. The term "proceeding commenced," as used in sec. 26 of the Code, includes civil as well as criminal suits. See title 24 Code, 386; secs. 2852, 3365, 3367; chap. 209, caption Code, 464.

8. This was a proceeding commenced, and of which the district court had jurisdiction, and which was pending therein, when the act of 1858, chap. 50, sec. 2, was passed, and, therefore, according to the foregoing principles, its jurisdiction in this case, was not affected by said act, and the court was fully authorized thereafter to proceed and try the cause.

STOCKTON, J.—When the indictment was found, the district court had jurisdiction of the offense charged. Under the statute, the offense was a felony, punishable by imprisonment in the penitentiary. Code, secs. 2612, 2817. What has occurred to take away this jurisdiction?

By the constitution of 1857, in force when the indictment was found, and when the offense is alleged to have been committed, it is provided that "all offenses less than felony, and in which the punishment does not exceed a fine of one hundred dollars, or imprisonment for thirty days, shall be tried summarily before a justice of the peace, on information, without indictment, &c." Art. 1, sec. 11. By the act

of March 12, 1858, sec. 2, section 2612 of the Code is so changed, as that when the value of the property stolen does not exceed twenty dollars, the punishment shall be by fine not exceeding one hundred dollars, or imprisonment in the county jail not exceeding thirty days. It is claimed that by force of the above cited provisions of the constitution, and of the statute, the district court has been ousted of its jurisdiction in the present case.

The effect of the constitutional provision was not to take away the jurisdiction of the district court, over offenses indictable under section 2612, even though the property stolen was of less value than twenty dollars. The punishment authorized to be imposed under that section, where the property stolen was of less value than twenty dollars, was both fine and imprisonment; and, consequently, such offense was not within the jurisdiction of justices of the peace, until, by the act of March 12, 1858, the punishment was changed, in order to bring the offense within such jurisdiction. But this act, in changing the punishment, did not take away the jurisdiction of the district court, already attached, nor affect any proceeding already commenced in the district court, under section 2612.

The jurisdiction of the district court in this case, could not be affected by the finding of the jury, that the property stolen was of less value than twenty dollars. The charge in the indictment was, that the property was of the value of twenty-five dollars. This gave the district court jurisdiction. The rule contended for by the defendant, would, in its practical operation, lead to the greatest confusion. The jurisdiction of the district court would be made to depend, not on the finding of the grand jury in the indictment, nor on the averments thereof, but on the finding of the petit jury on the question, whether the property stolen was, or was not, of the value of twenty dollars. If the property was of greater value than twenty dollars, the court had jurisdiction, and the proceedings were regular; but if the jury find that the property was not of such value, there

was no such jurisdiction, Certainly, no such absurdity as this, was intended by the law-making power.

The act of March 12, 1858, by reducing the punishment in cases of larceny, where the value of the property stolen does not exceed twenty dollars, from fine and imprisonment, to either such fine or imprisonment, has, by virtue of art. 1, sec. 11 of the constitution, conferred on justices of the peace, jurisdiction to try and punish such offenses. But the statute, as well as the constitution, had in view the alleged and not the ascertained, value of the property stolen, as conferring jurisdiction ; and the jurisdiction of the district court, as well as that of the justice, is to be determined by the value alleged in the indictment or information, and not by the value ascertained by the verdict of the jury. Where the jurisdiction of the district court has once attached, it cannot be taken away by the finding of the jury, that the value of the property stolen did not exceed twenty dollars.

It is argued for defendant, that so much of section 2612 of the Code, as prescribes the punishment for larceny, where the value of the property did not exceed twenty dollars, having been repealed, there is no power in the district court to punish such offense, except under the act of March 12, 1858; that no judgment can be pronounced by such court, against a defendant convicted under a statute containing no penal clause; and that the statute must be in force, in all its parts, when the judgment is pronounced.

It is certainly competent for the legislature to change the punishment prescribed for offenses. But the change made by the law of March 12, 1858, while it renders the offense of larceny, where the value of the property stolen does not exceed twenty dollars, cognizable before a justice of the peace, does not take from the district court its power to punish in cases of conviction before it, where the value of the property stolen is ascertained by [the jury to exceed that sum.

Judgment affirmed.