## THE STATE OF IOWA v. STINGLEY and McCORMACK.

1. LARCENY: JURISDICTION. The jurisdiction of the District Court in a case of larceny is determined by the value of the property stolen as found in the indictment by the grand jury, and not by the value as ascertained by the verdict of the petit jury.

2. EXCHANGES BY JUDGES. Section 1575, Code of 1851, which authorizes judges of the District Court to interchange and hold each others courts is not inconsistent with the constitution.

*Appeal from Jones District Court.*

SATURDAY, JUNE 16.

THE defendants were indicted, tried, and convicted of the crime of larceny. It was alleged in the indictment that the grand jury found the value of the property stolen to be thirty dollars. The petit jury which found the defendants guilty, determined the value of the property stolen to be ten dollars and twenty-five cents. The cause was tried in the Eighth Judicial District before the Hon. JOHN F. DILLON, Judge of the Seventh Judicial District, sitting in place of, and in exchange with the Judge of the Eighth District.

The defendants filed a motion in arrest of judgment, for the reason that the value of the property did not give the

court jurisdiction to render judgment upon the verdict, and for the further reason that the judge presiding had no power to render judgment thereon. The motion in arrest of the judgment was overruled, and this action of the court is the error assigned by the appellants.

*Wm. E. Leffingwell* for the appellants.

*S. A. Rice,* Attorney General, for the State. It is the finding of the grand jury that determines the jurisdiction of the court. *The State of Iowa* v. *Church,* 8 Iowa 258; *The State* v. *Arlin,* 7 Foster N. H. 116.

BALDWIN, J.—It is claimed by the appellant, that the District Court should have arrested the judgment, for the reason that the value of the property alleged to have been stolen by the defendants, was found by the petit jury to be ten dollars and twenty-five cents, the stealing of which was not an indictable offense. By article 1, section 2, of the constitution, it is provided that "all offenses less than a felony, and in which the punishment does not exceed a fine of one hundred dollars or imprisonment for thirty days, shall be tried summarily before a justice of the peace or other officer authorized by law, on information under oath, without indictment, or the intervention of a grand jury," &c. By an act of the legislature approved March, 1858, section 2612 of the Code was so changed as that when the value of the property stolen does not exceed twenty dollars, the punishment shall be by fine not exceeding one hundred dollars or by imprisonment not exceeding thirty days. And by virtue of the same act, passed in pursuance of the provision of the constitution, justices of the peace were invested with exclusive jurisdiction in cases where the punishment or fine does not exceed the limits above stated.

In the case now before us, the value of the property exceeded twenty dollars, as found by the grand jury. If such finding is to determine the question of jurisdiction, the motion in arrest of judgment was properly overruled. If however the

position assumed by appellants is correct, the finding of the petit jury as to the value of the property stolen, determines the question of jurisdiction, and the judgment should have been arrested. We think this view of the case, as presented by the counsel for appellants, is certainly erroneous. The practical result of this ruling would be, that the District Court upon the finding of the grand jury would very properly assume jurisdiction of a case, have the party indicted, arrested, arraigned, put to trial, found guilty, and after thus proceeding, if the petit jury should differ with the grand jury as to the value of the property stolen, the defendant, though guilty, having been once tried by a jury must be turned loose by a court, free from all punishment, for the reason that its jurisdiction has all at once ceased. This certainly would be an anomaly in judicial proceedings. We think the jurisdiction of the court (which must be conceded to exist until the finding of the petit jury) being thus far properly exercised, that the case should be finally disposed of by the same court. See *The State* v. *Church*, 8 Iowa 258.

The second position assumed by the appellants, is that the Hon. JOHN F. DILLON, the judge presiding when the cause was tried, and when judgment was about to be rendered against them, was not the judge of that judicial district; that he was acting without authority of law, and that he could not render a valid judgment. It is assumed by appellants to support this assignment, that a district judge can only preside in the district in which he was elected, and that any act of the legislature which gives him power to hold court out of the district in which he was elected, contravenes those provisions of the constitution, which declare that the District Court shall consist of a single judge who shall be elected by the qualified electors of the district in which he resides; that the District Court shall be a court of law and equity, and have jurisdiction in civil and criminal cases in their respective districts, in such manner as shall be prescribed by law. Whilst the election of a district judge,

by the provisions of the constitution and the character of the jurisdiction of his court, is thus defined, the time and place of holding such courts is left with the legislature. After he is elected his district may be enlarged or circumscribed, his powers increased or diminished as the legislature may think best. The district judge is a conservator of the peace throughout the State, and there is nothing in the constitution that prohibits the legislature from authorizing such judge in certain contingencies, from holding courts in exchange with judges of other districts. The cases cited by appellants' counsel, in which it is claimed that this question has been repeatedly decided by this court, do not justify his conclusion. In each of those cases some one presided over the court who was not an officer known to the law.

Judgment affirmed.